RECORD NUMBER: 13-4742

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**NICHOLAS ANTONIO COOPER,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

# OPENING BRIEF OF APPELLANT

**WILLIAM S. TRIVETTE
ATTORNEY AT LAW, PLLC
301 N. Elm St., Suite 308 A
Greensboro, NC 27401
(336) 441-8054**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

Table of Authorities ...................................................................................... ii

Jurisdictional Statement ................................................................................ 1

Statement of the Issue ................................................................................... 1

I.     Whether the District Court Imposed A Plainly Unreasonable Sentence After Revoking The Defendant's Supervised Release ......... 1

Statement of the Case.................................................................................... 1

Statement of Facts ......................................................................................... 3

Summary of Argument.................................................................................. 4

Argument....................................................................................................... 5

       Standard of Review............................................................................. 5

       Discussion of Issue ............................................................................. 5

Conclusion .................................................................................................... 6

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Cases**

Anders v. California,
    386 U.S. 738 (1967)........................................................................... 4, 5

United States v. Crudup,
    461 F.3d 433 (4th Cir. 2006) ................................................................ 5

**Rules, Statutes, and Other Authorities**

18 U.S.C. § 922(g)(1)..................................................................................... 3

18 U.S.C. § 924(a)(2)..................................................................................... 3

18 U.S.C. § 3231 ............................................................................................ 1

18 U.S.C. § 3742(a) ....................................................................................... 1

28 U.S.C. § 1291 ............................................................................................ 1

Fed. R. App. P. 4(b) ....................................................................................... 1

## JURISDICTIONAL STATEMENT

This is a direct appeal by the Defendant in a federal criminal case following the revocation of his supervised release. Jurisdiction was conferred on the United States District Court by 18 U.S.C. § 3231. Appellate jurisdiction is conferred on this Court by 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The Defendant gave timely notice of appeal on October 3, 2013 from final judgment entered on September 24, 2013. See Fed. R. App. P. 4(b).

## STATEMENT OF THE ISSUE

I.     **WHETHER THE DISTRICT COURT IMPOSED A PLAINLY UNREASONABLE SENTENCE AFTER REVOKING THE DEFENDANT'S SUPERVISED RELEASE.**

## STATEMENT OF THE CASE

The Defendant/Appellant, Nicholas Antonio Cooper, (hereinafter "Defendant"), was originally charged in a single-count indictment in the United States District Court for the Middle District of North Carolina. (Docket Entry 1). The indictment charged him with possession of a firearm after conviction of a felony offense. The Defendant pled guilty and was sentenced to 55 months imprisonment and three years supervised release. (Docket Entry 17).

The Defendant began serving his supervised release on January 3, 2012. On August 8, 2012, the probation office filed a request for modification of the terms of supervised release. (Docket Entry 18). The document alleged the following

1

infractions: two citations for driving with license revoked (DWLR); arrest for possession of stolen motor vehicle; eluding arrest with motor vehicle; resisting officer; and, arrest for a domestic dispute. As a result of this petition, the district court placed him on two months of home detention and location monitoring. (Docket Entry 18).

On May 16, 2013, the district court ordered that the Defendant be arrested as a result of a second petition filed by the probation office. (Docket Entry 19). The petition alleged, in addition to what had been alleged in Docket Entry 18, the following: an arrest for misdemeanor injury to real property; and, felony breaking and entering and larceny at a Budget Inn Motel in Durham, NC.

The district court held a hearing on September 17, 2013. The Defendant admitted to the following: two violations of home detention; and, to damaging his girlfriend's property. He denied committing the felony breaking and entering and larceny. (See Docket Entry 36, Transcript of Hearing, page 2). The district court heard evidence and determined that the Government did not prove by a preponderance of the evidence that Defendant committed the breaking and entering at the Budget Inn. (Id., Transcript at page 29).

Based on Defendant's admissions, however, the court found the Defendant had violated the terms of supervised release and that the Grade C violations would produce an advisory guideline range of 8-14 months. The court then imposed a

sentence of 8 months imprisonment followed by 28 months of supervised release. The Defense did not object to the sentence. (Id., Transcript at 31-36).

## STATEMENT OF FACTS

On May 22, 2007, a Durham, NC, Police Officer discovered that the Defendant had pawned a .22 caliber rifle. It was also discovered that the Defendant had a prior conviction for a crime punishable by more than one year. (Docket Entry 12, Factual Basis).

On September 24, 2007, the Defendant was indicted in the Middle District of North Carolina for one count of possession of a firearm by felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (Docket Entry 1). The Defendant pled guilty on November 26, 2007 and he was sentenced on February 9, 2009, to 55 months imprisonment followed by three years of supervised release. (Docket Entry 17, Judgment).

The Defendant began serving his supervised release on January 3, 2012. According to a Request for Modification of the Terms of Supervision filed by the probation office on August 8, 2012 (DE 18), the Defendant received two citations for driving with license revoked and one citation for an open container during one of the DWLR violations. Further, in June 2012, the Defendant was arrested for felony possession of a stolen motor vehicle and felony fleeing from police. On July 22, 2012, the Defendant was arrested for a domestic dispute involving an

3

assault on his girlfriend. As a sanction, the court ordered that the Defendant undergo two months home detention with location monitoring. (Docket Entry 18).

On May 16, 2013, the Probation Office filed a Petition for Warrant or Summons for Offender under Supervision (Docket Entry 19) which alleged additional violations. The Petition restated the prior allegations that had resulted in the two months of home detention. The probation office alleged that the Defendant sustained two violations during the home detention. However, the significant new allegation was that the Defendant and two other individuals had broken into a motel room at the Budget Inn in Durham and had stolen certain items.

The Defendant had done several things well during his supervised release. He worked for Measurement Incorporated, which does testing services. He never tested positive for illegal drugs and he participated in substance abuse treatment. He also participated in Durham Economic Resource Center to obtain job skills training. He completed location monitoring on October 24, 2012. He had served about 20 months on supervision, and the last four and one-half months had been in confinement.

## SUMMARY OF ARGUMENT

This brief is submitted pursuant to the decision of the United States Supreme Court in Anders v. California, 386 U.S. 738 (1967). Counsel for the Defendant has

determined, after a conscientious examination of the entire record, that the Defendant has no meritorious grounds for appeal. Nevertheless, the Defendant directed counsel to appeal, and he contends that the sentence imposed is too severe. Specifically, a time served sentence followed by an additional term of supervised release that would have given him credit for the time he had already served on supervised release would have been sufficient but not greater than necessary to punish him for the violations.

## ARGUMENT

**Standard of Review:**

The Court of Appeals will review a sentence imposed upon revocation of supervised release to determine if it was "plainly unreasonable." United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), *cert. denied* 549 U.S. 1283 (2007).

**Discussion of Issue:**

This brief is submitted pursuant to the decision of the United States Supreme Court in Anders v. California, 386 U.S. 738 (1967). Counsel for the Defendant has determined, after a conscientious examination of the entire record, that the Defendant has no meritorious grounds for appeal. Nevertheless, the Defendant contends that the sentence imposed is plainly unreasonable.

The Defendant admitted to two occasions of unauthorized absence when he was on home detention during supervised release and he admitted to damaging his

5

girlfriend's property, though he had paid her for it. He denied that he committed the breaking and entering at the Budget Motel, which was the catalyst for his being brought before the district court. (Transcript at page 4). The district court found that the Government did not prove this allegation even by a preponderance standard. (Transcript at page 29).

The Defendant worked for Measurement Incorporated and he never tested positive for illegal drugs. He participated in Durham Economic Resource Center to obtain job skills training. He completed location monitoring on October 24, 2012. He had served about 20 months on supervision, and the last four and one-half months had been in confinement.

## **CONCLUSION**

For the reasons and authorities stated above, the Defendant's sentence was plainly unreasonable. It should be vacated and this case remanded to the district court for resentencing.

                                  Respectfully Submitted,

                                  By: /s/ William S. Trivette
                                          *Counsel*

William S. Trivette, Esq.
Attorney At Law, PLLC
North Carolina State Bar No. 21490
301 N. Elm St., Suite 308 A
Greensboro, NC 27401
T: (336) 441-8054

*Counsel for Appellant*

7

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 13-4742     Caption: United States v. Nicholas Antonio Cooper

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓] this brief contains __1,228__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓] this brief has been prepared in a proportionally spaced typeface using
   __Microsoft Word 2010__ [*identify word processing program*] in
   __Times New Roman, 14pt__ [*identify font size and type style*]; **or**

   [ ] this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) __William S. Trivette__

Attorney for __Nicholas A. Cooper__

Dated: __12/31/2013__

# CERTIFICATE OF SERVICE

I certify that on  12/31/2013   the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Michael DeFranco
Assistant U.S. Attorney
Office of the U.S. Attorney
101 S. Edgeworth
Greensboro, NC 27402
(336) 333-5351

Counsel for Appellee

/s/ William S. Trivette                                    12/31/2013
_____                    _____
            Signature                                                Date